IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LEE LIFENG HSU and JANE YUCHEN HSU<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM FIRE & CASUALTY COMPANY and NEUMANN & CO. LLC d/b/a SERVICEMASTER OF BEL AIR,<br><br>Defendants. | Civil Action No. 25-395-CFC |

## MEMORANDUM ORDER

This case arises from "a water intrusion event" at pro se Plaintiffs Lee Lifeng Hsu and Jane Yuchen Hsu's home in Hockessin, Delaware in October 2023. D.I. 1 ¶ 5. The Hsus bring this case against Defendants State Farm Fire & Casualty Company and Neumann & Co., LLC d/b/a ServiceMaster of Bel Air (hereinafter, ServiceMaster) alleging "improper intervention" against State Farm, breach of fiduciary duty against ServiceMaster, and civil conspiracy to commit fraud against both Defendants. D.I. 1 ¶ 1. The Hsus filed the Complaint in this action in March 2025, D.I. 1, six months after they sued State Farm (but not ServiceMaster) in the Superior Court of Delaware. The Hsus alleged in the

Superior Court case similar but not identical state tort and contract claims related to the same "water intrusion event." *See Hsu v. State Farm Fire & Cas. Co.*, No. N24C-09-020, Transaction ID 74272112 (Del. Super. Ct. Sept. 10, 2024). Pending before me is State Farm's Motion to Dismiss or, in the Alternative, to Stay the District Court Proceeding. D.I. 8.

State Farm argues that I should apply the *Colorado River* abstention doctrine and dismiss or stay this case pending resolution of the Superior Court case. *See generally Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1979). A district court is to abstain or stay a case under *Colorado River* only in rare circumstances. *See Ryan v. Johnson*, 115 F.3d 193, 195 (3d Cir. 1997) ("[F]ederal courts have a virtually unflagging obligation . . . to exercise the jurisdiction given them by Congress . . . [so] there are certain extremely limited circumstances in which a federal court may defer to pending state court proceedings . . . .") (citation and quotation marks omitted) (second alteration in original). As the Court held in *Colorado River*, "[a]bdication of the obligation to decide cases can be justified . . . only in exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." 424 U.S. at 813 (citation and quotation marks omitted). To determine if "exceptional circumstances" exist, a court is to weigh six factors:

"(1) which court first assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal or state law controls; and (6) whether the state court will adequately protect the interests of the parties." *Spring City Corp. v. Am. Bldgs. Co.*, 193 F.3d 165, 171 (3d Cir. 1999). "The balancing of factors is heavily weighed in favor of the exercise of jurisdiction." *Nationwide Mut. Fire Ins. v. George V. Hamilton, Inc.*, 571 F.3d 299, 308 (3d Cir. 2009) (citation and quotation marks omitted).

The first factor does not apply here because this is not an *in rem* action. The second factor also does not apply because State Farm does not contend that this forum is inconvenient. The third factor—the avoidance of piecemeal ligation—is "paramount." *See Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 19 (1983). But this factor is only met when "there is evidence of a strong federal policy that all claims should be tried in the state courts." *Ryan*, 115 F.3d at 198. And "[t]he presence of garden-variety state law issues has not, in [the Third Circuit], been considered sufficient evidence of a congressional policy to consolidate multiple lawsuits for unified resolution in the state courts." *Id.*; *see also id.* at 200 ("Although it is possible that some case could involve a skein of state law so intricate and unsettled that resolution in the state courts might be more

appropriate, traditional negligence law does not fit that description."). Here, Plaintiffs have alleged uncomplicated state tort claims, and thus, State Farm has not satisfied the "paramount" third factor.

The fourth factor favors abstention or a stay because the Superior Court action was filed before this action. The fifth factor does not warrant abstention or a stay because "abstention [or a stay] cannot be justified merely because a case arises entirely under state law." *Ryan*, 115 F.3d at 199. And the sixth factor "carries little weight" "[w]hen the state court is adequate." *Id.* at 200. Accordingly, State Farm has failed to establish the "exceptional circumstances" warranting a dismissal or stay[1] pursuant to *Colorado River* abstention.

NOW THEREFORE, at Wilmington on this Thirteenth Day of March in 2026, it is HEREBY ORDERED that State Farm's Motion to Dismiss or, in the Alternative, to Stay the District Court Proceeding (D.I. 8) is DENIED.

_____
CHIEF JUDGE

---

[1] A stay is not warranted because "when a district court relies on the *Colorado River* doctrine to stay a case in federal court because it is duplicative with a state court proceeding, such a stay will generally have the practical effect of dismissal by putting a party effectively out of [federal] court." *Spring City*, 193 F.3d at 171 (citations and quotation marks omitted) (alteration in original).

4