IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LEE LIFENG HSU and JANE
YUCHEN HSU,

                    Plaintiffs,

          v.                                Civil Action No. 25-395-CFC

STATE FARM FIRE &
CASUALTY COMPANY and
NEUMANN & CO, LLC, d/b/a
SERVICEMASTER OF BEL AIR,

                    Defendants.

## MEMORANDUM ORDER

This case arises from a "water intrusion event" that occurred at pro se

Plaintiffs Lee Lifeng Hsu and Jane Yuchen Hsu's home in Hockessin, Delaware on

October 30, 2023.  D.I. 1 ¶¶ 1, 5.  Defendant State Farm Fire and Casualty

Company was the insurance carrier for the Hsus' home.  *See* D.I. 1-1 at 2.

Defendant Neumann & Co, LLC d/b/a ServiceMaster of Bel Air (hereinafter,

ServiceMaster) was the water mitigation contractor that worked on the Hsus' home

after the water intrusion event.  D.I. 1 ¶ 5.  The Hsus allege three claims in the

Complaint: an "improper intervention" claim against State Farm, a breach of

fiduciary duty claim against ServiceMaster, and a civil conspiracy to commit fraud

claim against both Defendants.  Pending before me is ServiceMaster's motion

pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6) to dismiss the claims against it.  D.I. 13.

I.

The following background is based on the allegations in the Complaint, which I must accept as true and liberally construe in the Hsus' favor for the purpose of deciding the pending motion. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Because the Hsus proceed pro se, their Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.*

The Hsus "promptly filed" a claim with State Farm after the water intrusion event. D.I. 1 ¶ 5.  They then participated in the State Farm Premier Service Program (the Premier Program), a program "designed solely to facilitate direct communication between State Farm and the contractor regarding professional assessments, billing, and payment." D.I. 1 ¶¶ 10–11.  ServiceMaster is one of two water mitigation services contractors under the Premier Program.  D.I. 1 ¶ 11.  The Hsus selected ServiceMaster under the program, D.I. 1-1 at 2, and it began work on the Hsus' home two days after they filed their claim with State Farm, D.I. 1 ¶ 5.

One way to measure water damage is the ANSI/IICRC S500 standard (the S500 standard).  Jointly created by the American National Standards Institute (ANSI) and Institute of Inspection, Cleaning and Restoration Certification

2

(IICRC), the S500 standard "has become the de facto standard in the industry." D.I. 1 ¶ 6. Under the standard, water damage is assigned one of three categories based on sewage content. Category 1 is clean water. D.I. 1 ¶ 8. Category 3 is sewage-contaminated water. D.I. 1 ¶ 8. (The Complaint does not state what Category 2 covers.) Testing to determine the category of water damage involves visual and olfactory inspection and using equipment to measure the microbial density of collected water samples. D.I. 1 ¶ 7. Evaluations are usually performed by IICRC-certified specialists. D.I. 1 ¶ 7.

ServiceMaster's efforts to remediate the Hsus' home were led by Jason Scarpato, an IICRC-certified specialist. D.I. 1 ¶¶ 5, 8. After inspecting the home, Mr. Scarpato classified the damage to the property as falling in Category 3. D.I. 1 ¶ 8; D.I. 1-1 at 4. State Farm, however, "steered the mitigation away from Category 3 standards from the outset." D.I. 1 ¶ 12. And then, according to the Complaint, State Farm "unjustifiably narrow[ed] the investigation area and reject[ed] necessary repairs," such as those to flooring, drywall, cabinets, countertops, and appliances in the effected area. D.I. 1 ¶ 12.2; *see, e.g.*, D.I. 1-1 at 19–20, 33–37.

Attached to the Complaint are eleven letters the Hsus sent to State Farm regarding the work being done at their home. D.I. 1-1 at 5–43. Although Mr. Scarpato was cc'd on each of these letters, ServiceMaster generally "remained

3

silent and allowed deviations from its own original assessment to occur without objection." D.I. 1 ¶ 13. In December 2023, however, Mr. Scarpato "proposed deep-cleaning as a compromise" to resolve the Hsus' disputes with State Farm. D.I. 1 ¶ 13.2. The Complaint alleges that the Hsus agreed to this proposed compromise because they "[t]rust[ed] [Mr. Scarpato's] professional judgment." D.I. 1 ¶ 13.2. But the Hsus also allege that this proposed compromise "directly contradicted" Mr. Scarpato's original assessment of Category 3 damage. D.I. 1 ¶¶ 13.1–13.4.

The Hsus allege that throughout their dealings with ServiceMaster and State Farm they were "left uninformed, resulting in confusion and mistrust." D.I. 1 ¶ 16. One such instance had to do with ServiceMaster's "pack-out" operation involving "[s]alvaging, wrapping, cleaning, and storing personal property until repairs are complete." D.I. 1 ¶ 22. The process "involves significant discretion" that allowed ServiceMaster to "classify[] items as salvageable and charg[e] for cleaning and storage—despite the [S500] standard calling for disposal" of the effected items. D.I. 1 ¶ 23.

## II.

ServiceMaster argues first that I must dismiss the Complaint under Rule 12(b)(1) for lack of subject matter jurisdiction because the Hsus "have failed to satisfy [28 U.S.C.] § 1332(a)'s requirement that the amount in controversy exceed

4

$75,000.00." D.I. 13 ¶ 3. According to ServiceMaster, the Hsus "must proffer affidavits or other competent evidence indicating that jurisdiction is proper" and "have offered no such evidence." D.I. 13 ¶ 6 (internal quotation marks, citation, and alterations omitted).

The Complaint, however, alleges $774,910 in compensatory damages and three times that amount in punitive damages. D.I. 1 ¶¶ 30.1, 30.2. And "[t]he general federal rule is to decide the amount in controversy from the complaint itself." *Angus v. Shiley Inc.*, 989 F.2d 142, 145 (3d Cir. 1993) (citation and quotation marks omitted); *see also* 14B Wright & Miller's Fed. Prac. & Proc. Juris. § 3705 (5th ed. 2025 update) ("In the event of a challenge, the court typically will rely upon the complaint, as well as any materials attached to or referred to in it, . . . which often will make it 'facially apparent' that the amount requirement has been met or cannot be met, thereby resolving the issue."). As the Supreme Court held in *St. Paul Mercury Indem. Co. v. Red Cab Co.*, "[t]he rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith," and "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." 303 U.S. 283, 288–89 (1938). In this case, ServiceMaster has not demonstrated that the Hsus' claimed sum was made in bad faith; nor has it shown to a legal certainty

that the Hsus' monetary claim is for less than $75,000.  Accordingly, I will deny the motion insofar as it seeks dismissal under Rule 12(b)(1).

ServiceMaster next challenges the sufficiency of the service of the summons and the Complaint and seeks under Rule 12(b)(5) the dismissal of the Complaint or, alternatively, an order to compel Plaintiffs to perfect service.  ServiceMaster argued in its opening brief filed in support of its motion that Plaintiffs' service was insufficient because it was unaccompanied by an affidavit.  D.I. 13 ¶¶ 12–16.  The Hsus countered in their answering brief that they filed with the Court a declaration under 28 U.S.C. § 1746 (D.I. 6) in which Lee Lifeng Hsu declared under penalty of perjury that "the agent of Defendant ServiceMaster picked up the process," D.I. 6 ¶ 3, and that this declaration satisfied any requirement of an affidavit. ServiceMaster did not file a reply brief or otherwise dispute this argument, and thus effectively concedes it.  *See In re Apple Inc. Sec. Litig.*, 678 F.Supp.3d 1147, 1154 (N.D. Cal. 2023) ("The Court takes plaintiff's failure to file a reply addressing this opposition as a concession to defendants' arguments."). Accordingly, I will deny the motion insofar as it seeks dismissal or an order to perfect service under Rule 12(b)(5).

Finally, ServiceMaster argues that the Hsus have failed to state a claim for damages or other relief against ServiceMaster and therefore dismissal is required under Rule 12(b)(6).  D.I. 13 ¶¶ 17–22.  ServiceMaster, however, makes no

substantive arguments in furtherance of its conclusory assertion that the Complaint

fails to state a claim.  It does not even identify the claims alleged in the Complaint,

let alone say what the elements of those claims are or explain why those elements

are not plausibly implied by the factual allegations in the Complaint.  Accordingly,

I will not dismiss the Complaint against ServiceMaster under Rule 12(b)(6).

     NOW THERFORE, at Wilmington on this Thirteenth Day of March in 2026,

it is HEREBY ORDERED that Defendant Neumann & Co, LLC d/b/a

ServiceMaster of Bel Air's Motion to Dismiss (D.I. 13) is DENIED.


_____
                  CHIEF JUDGE